
# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN K. YOUNG | : | CIVIL ACTION |
| v. | : | |
| JAMES T. WYNDER | : | NO. 07-2847 |

## MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**                                                          MAY 23, 2008

*Pro se* plaintiff, John K. Young ("Young"), in state custody for convictions under state law, filed a "Motion for Post Conviction DNA Testing Pursuant to the Justice for All Act of 2004" under 18 U.S.C. § 3600. Young's motion, filed as a petition for writ of habeas corpus, was referred to the Honorable Arnold C. Rapoport, United States Magistrate Judge, for a Report and Recommendation ("R&R"). The Magistrate Judge recommended that Young's motion for DNA testing be denied and, to the extent Young's motion was a petition for habeas corpus, the Magistrate Judge recommended the petition be denied as second or successive. Young filed an objection to the R&R. The Magistrate Judge's R&R will be approved and adopted with modification.

Young asserts his motion for post-conviction DNA testing should not be construed as a petition for habeas corpus; accordingly, the court will treat this matter not as a habeas petition but as a motion filed under the Innocence Protection Act of 2004, 18 U.S.C. § 3600.[1] Young, objecting to the R&R, claims the Magistrate Judge erred when he determined 18 U.S.C. § 3600 does not apply to persons in state custody. A district court reviews *de novo* those portions of a magistrate judge's

---

[1] Although Young states his motion for DNA testing is filed under the Justice for All Act of 2004, courts generally refer to Title 18 U.S.C. § 3600 as the Innocence Protection Act of 2004, see e.g., McKithen v. Brown, 481 F.3d 89, 92 (2d Cir. 2007); United States v. Boose, 498 F. Supp. 2d 887, 888 (N.D. Miss. 2007), so the court will consider this a motion filed under the Innocence Protection Act of 2004, 18 U.S.C. § 3600.

report and recommendation to which objection is made.  See 28 U.S.C. § 636(b)(1)(c).

Under the relevant provisions of the Innocence Protection Act:

> (a)     In general.–Upon a written motion by an individual under a sentence of imprisonment or death pursuant to a conviction for a Federal offense (referred to in this section as the "applicant"), the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that all of the following apply:
>    (1)    The applicant asserts, under penalty of perjury, that the applicant is actually innocent of–
>       (A)    the Federal offense for which the applicant is under a sentence of imprisonment or death; or
>       (B)    another Federal or State offense, if–
>          (i)    evidence of such offense was admitted during a Federal death sentencing hearing and exoneration of such offense would entitle the applicant to a reduced sentence or new sentencing hearing; and
>          (ii)   in the case of a State offense–
>             (I)    the applicant demonstrates that there is no adequate remedy under State law to permit DNA testing of the specified evidence relating to the State offense; and
>             (II)   to the extent available, the applicant has exhausted all remedies available under State law for requesting DNA testing of specified evidence relating to the State offense . . .

18 U.S.C. § 3600.

Young argues 18 U.S.C. § 3600(a)(1)(B)(ii) allows plaintiffs imprisoned for a state offense to move for DNA testing.  "Statutory construction is a holistic endeavor, and, at a minimum, must account for a statute's full text, language as well as punctuation, structure, and subject matter."  United States Nat. Bank of Oregon v. Independent Ins. Agents of America, 508 U.S. 439, 455 (1993).  Title 18 U.S.C. § 3600 applies only to persons "under a sentence of imprisonment or death pursuant to a conviction for a federal offense."  18 U.S.C. § 3600(a); Lebron v. Sanders, No. 02-6327, 2007 WL 1225548, at *1 (S.D.N.Y. Apr. 20, 2007).  Title 18 U.S.C. § 3600 does allow an

individual averring innocence of a state offense to move for DNA testing under some circumstances, if he or she fulfils the other statutory requirements.  But when the statute is read as a whole, it is clear that an individual challenging a state conviction must be under a sentence pursuant to a conviction for a federal offense, 18 U.S.C. § 3600(a), and the state conviction must have contributed to his or her federal death sentencing hearing, 18 U.S.C. § 3600(a)(1)(B)(ii)(I).  Because he is in custody only for state law convictions, and has not been sentenced for a federal offense, Young cannot move for DNA testing under the Innocence Protection Act, 18 U.S.C. § 3600.

The Magistrate Judge's R&R will be approved and adopted with the modification that this matter will be treated as a civil action filed under the Innocence Protection Act, 18 U.S.C. § 3600.  Young's motion for DNA testing under 18 U.S.C. § 3600 will be denied, and the action will be dismissed without prejudice to refiling under 42 U.S.C. § 1983.[2]

An appropriate order follows.

---

[2] The court does not express an opinion on the merits of any 42 U.S.C. § 1983 claim which Young may file, or whether such a claim can be brought in the Third Circuit where there is no controlling law.  Compare McKithen, 481 F.3d at 99 ("claim seeking post-conviction access to evidence for DNA testing may properly be brought as a § 1983 suit"); Savory v. Lyons, 469 F.3d 667, 669 (7th Cir. 2006); Osborne v. Dist. Attorney's Office for the Third Judicial Dist., 423 F.3d 1050, 1054 (9th Cir. 2005); Bradley v. Pryor, 305 F.3d 1287, 1290-91 (11th Cir. 2002); Derrickson v. Del. County Dist. Attorney's Office, No. 04-1569, 2006 WL 2135854, at *8 (E.D. Pa. July 26, 2006); Godschalk v. Montgomery County Dist. Attorney's Office, 117 F. Supp. 2d 366, 370 (E.D. Pa. 2001); with Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002) ("Harvey I") (dismissing prisoner's § 1983 suit for DNA testing for failure to state a claim); Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002); Boyle v. Mayer, 46 Fed. Appx. 340, 340 (6th Cir. 2002) (unpublished).  See also Seth F. Kreimer & David Rudovsky, Double Helix, Double Bind: Factual Innocence and Postconviction DNA Testing, 151 U. Pa. L. Rev. 547 (2002).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN K. YOUNG** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES T. WYNDER** | : | **NO. 07-2847** |

**ORDER**

**AND NOW**, this 23rd day of May, 2008, upon consideration of *pro se* plaintiff's "Motion for Post Conviction DNA Testing Pursuant to Justice for All Act of 2004," the Report and Recommendation of the Honorable Arnold C. Rapoport, United States Magistrate Judge, petitioner's Objection to the Report and Recommendation, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

    1.    The Report and Recommendation (paper no. 12) is **APPROVED** and **ADOPTED with modification**.

    2.    Plaintiff's "Motion for Post Conviction DNA Testing Pursuant to Justice for All Act of 2004" (paper no. 1), treated as a motion under the Innocence Protection Act, 18 U.S.C. § 3600, is **DENIED**.

    3.    This action is **DISMISSED without prejudice** to refiling under 42 U.S.C. § 1983.

    /s/ Norma L. Shapiro
    S.J.